U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

*/s/ Harlin DeWayne Hale*

**United States Bankruptcy Judge**

**Signed March 18, 2011**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| LEVI DANIEL WEST | § § | CASE NO. 10-70574 |
| Debtor. | § § § | |

### AGREED ORDER CONDITIONING AUTOMATIC STAY

BEFORE ME came to be considered the motion of secured creditor Swartz & Brough, Inc. ("Movant") to lift the stay as it pertains to a certain home and associated real property herein ("Property") located at 116 Trail Drive, Bowie, TX 76230 and with a legal description of BEING LOT 20 OF THE TRAIL SUBDIVISION, MNTAGUE COUNTY, TEXAS, ACCORDING TO THE PLAT OF SAME RECORDED IN VOLUME 340, PAGE 643 AND AMENDED IN VOUME 9, PAGE 188, DEED RECORDS, MONTAGUE COUNTY, TEXAS, and announced to the Court that an agreement had been reached providing for the continuation of the automatic stay and the Court finds that the following should be approved.

IT IS ORDERED, ADJUDGED AND AGREED that Debtor shall pay the arrearage of $1,929.00, plus reasonable attorneys' fees in the amount of $500.00 and court costs in the amount

of $150.00 for a total of $2,579.00. This amount shall be paid through the debtors Chapter 13 bankruptcy Plan. Debtors shall file an amended Chapter 13 Plan to accommodate this payment within 30 days of the date of this order or the stay shall lift without further notice or hearing before this court.

**IT IS ORDERED, ADJUDGED AND AGREED THAT DEBTOR SHALL PAY THE APRIL, 2011 PAYMENT WHEN DUE OR THE STAY SHALL LIFT AUTOMATICALLY WITHOUT THE NEED FOR FURTHER NOTICE, HEARING, OR ORDER OF THIS COURT.**

IT IS FURTHER ORDERED, ADJUDGED AND AGREED that effective with the April, 2011 payment, Debtor agrees to make payments to Movant in a timely fashion; should the Debtor fail in making their payments, Movant will notify Debtor of such default either by certified, return receipt requested mail, FedEx, or UPS and by regular mail, with a copy to Debtor's attorney by regular mail; Debtor shall then have ten days within which to cure the default.  No more than two such default notices shall be allowed.  Should any default not be cured within the ten day period, the Stay shall lift automatically without the need further notice, hearing or order before this Court.  Upon the need for a third such notice, the stay shall lift automatically without the need for further notice, hearing, or order of this Court.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the automatic stay against enforcement of the lien against the said Property shall continue, conditioned upon the Debtor maintaining physical damage insurance coverage on the aforesaid Property, with Movant shown as the first lienholder and receiving notice of such insurance; the periods of such insurance shall be for no less than six months at a time and shall continue in full force and effect until the sum owed to Movant is paid in full.  Debtor agrees to provide Movant with a copy of the insurance policy showing Movant as the lienholder/loss payee on the above referenced

Property within ten days from the date of this Order.  If said proof is not provided within the ten day period, the stay shall lift immediately without further notice or hearing before this Court.

    IT IS FURTHER ORDERED, ADJUDGED AND DECREED that should Debtor fail to maintain such insurance coverage in the future, Movant shall notify Debtor of such default either by certified, return receipt requested, FedEx or UPS and regular mail, with a copy to Debtor' attorney by regular mail.  Debtor shall have ten days after date of such notice to cure the default; failure to do so allows the Stay to be lifted immediately thereafter and Movant shall be allowed to foreclose on said real property.  Only two such notices of default shall be allowed.  This includes any notice of default required for nonpayment as provided for in the third paragraph of this Order.  Upon the need for a third such notice, this Stay shall lift automatically without further need for notice or hearing before this Court.

    IT IS FURTHER ORDERED, ADJUDGED AND AGREED that, in the event Movant exercises its rights sell or otherwise liquidate the subject Property pursuant to this Order or any subsequent Order for Relief from Stay, Movant shall file an amended Proof of Claim within 90 days after the sale of the Property, for any deficiency balance remaining and such balance is to be treated and paid as an unsecured claim under the existing Confirmed Plan, if any.  Movant maintains this right in the event that this case should convert to a subsequent chapter.

    IT IS FURTHER ORDERED that, in the event Debtor's bankruptcy is dismissed and reinstated, or in the event Debtor's bankruptcy converts to a different bankruptcy Chapter, this Agreed Order shall be considered a part of any such  bankruptcy.

###

APPROVED AS TO FORM AND SUBSTANCE:

By /s/ Sidney H. Scheinberg                       By/s/ Monte J. White

Agreed Order Conditioning Automatic Stay - Page 3
Swartz & Brough, Inc. / Levi Daniel West

| | |
|---|---|
| SIDNEY H. SCHEINBERG | MONTE J. WHITE |
| GLAST, PHILLIPS & MURRAY, P.C. | 1106 Brook Avenue |
| State Bar No. 17736620 | Wichita Falls, TX 76301 |
| 14801 Quorum Drive Suite 500 | (940)723-0099; Fax (940)723-0096 |
| Dallas, TX 75254 | ATTORNEYS FOR DEBTORS |
| Telephone (972)419-7177 Fax (972)419-8329 | |
| ATTORNEYS FOR CREDITOR | |
| Email: **sid@gpm-law.com** | By /s/ Levi West |
| SWARTZ & BROUGH, INC. | DEBTOR |

4807176v1  Signed Agreed Order Conditioning
Agreed Order Conditioning Automatic Stay - Page 4
Swartz & Brough, Inc. / Levi Daniel West